UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren Simmons, ) | |
| ) | Civil Action No. 5:13-cv-02120-RMG-KDW |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | |
| Warden John Pate, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Darren Simmons, a state prisoner, filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion for Summary Judgment on October 7, 2013. ECF No. 17. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 19. Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment on October 15, 2013. ECF No. 22. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Motion for Summary Judgment, ECF No. 17. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.     Factual and Procedural Background

Petitioner is currently confined in the South Carolina Department of Corrections ("SCDC"). In February 1999, Petitioner was convicted of burglary second degree and grand larceny and was sentenced to 15 years confinement on the burglary charge and ten years confinement on the grand larceny charge, with the sentences to be served consecutively. ECF

1

No. 1. Petitioner contends that he had to serve 65% of his sentence without the inclusion of good-time or earned-work credit, and argues that at the time of filing his Petition he has served 16 years "day for day without [his] good time earned credits of (1800) days and EWCs 745 days." ECF No. 1 at 5. Petitioner argues that SCDC's classification system is inadequate because it only recognizes 85% and by not calculating his good-time or earned-work credits he has already served five years longer than he was supposed to serve. *Id.* Petitioner seeks to have his 1800 days good-time and 747 days earned work-credits "calculated into [his] sentence" and to be released immediately. *Id.* at 15.

II. Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a writ of habeas corpus:

1. Ground One:  That due process clause of my liberty interest to have SCDC State Classification System calculate my 1800 days earned good time credits into my sentences § 24-13-210(A) 24-13-260.

2. Ground Two:  I alleged a specific and relevant prison regulation created a liberty interest is a necessary element of procedural due process claims 24-13-260 § 24-13-210(A)

3. Ground Three: My 14th and 5th amendment rights due process clauses had been violated and liberty interest in prisoner's good time credits.  The due process clauses V, XIV, are designed to protect the individual against arbitrary government action.  I have liberty interest in good time credits under statutory scheme bestowing mandatory sentence reductions for good behavior, because of effects of such credits on duration of sentence.

4. Ground Four: On June 10, 2013 I received an inadequate response from case worker Ms. Smith of Allendale about my good time credits and I ask her when do she add my good time credits into my sentence?  She Ms. Smith said she do not add good time to inmate sentences.

ECF No. 1 at 5-10.

B.     Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.    Habeas Corpus Standard of Review

1.    Generally

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254.[1] Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner seeks relief from the improper application of his good time credits to his sentence. "Habeas corpus is the appropriate mechanism for a state prisoner to challenge 'the fact or duration of his confinement,' which includes the loss of good time credits." *Lindsey v. McKie*, C/A No. 9:11-695-MBS, 2012 WL 932017, at *4 (D.S.C. Mar. 19, 2012) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). "Before a prisoner

---

[1] The court notes that while challenges to prison disciplinary actions and calculations of good time credits may be petitioned under § 2241, some authority provides that "state prisoners who seek federal habeas relief must proceed under § 2254." *Tippett v. McCall*, C/A No. 1:09-593-HMH-SVH, 2011 WL 441942, at *2 (D.S.C. Feb. 7, 2011); *see also Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (discussing legislative history of federal habeas corpus).

may be deprived of a protected liberty interest in good time credits, he must be given some procedural protection. This includes '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.' Additionally, 'some evidence' must support the decision by prison officials to revoke good time credits." *Lindsey*, 2012 WL 932017, at *5 (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985)). "The 'some evidence' standard is a lenient one, requiring no more than 'a modicum of evidence' and is met if there is any evidence in the record that could support the decision." *Soliz v. Drew*, No. 8:11-cv-00562-MBS-JDA, 2012 WL 1825237, at *8 (D.S.C. Apr. 16, 2012) *adopted by* 2012 WL 1825239 (D.S.C. May 18, 2012) (citing *Superintendent, Mass. Corr. Inst.*, 472 U.S. at 456).

      2.    Procedural Bar

The habeas statute provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

      a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court ("SCALC"). *See Al-Shabazz v. State,* 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.,* 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations in which an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. *Sullivan v. S.C. Dep't of Corr.,* 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz,* 527 S.E.2d at 750. Generally, a state prisoner's claim regarding credits that could impact his sentence calculation will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly raised through the prison grievance

process with appeal to the SCALC, rather than through a post-conviction relief ("PCR") application filed in circuit court. *See Al-Shabazz,* 527 S.E.2d at 752. Accordingly, Petitioner's exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the SCALC as outlined in *Al-Shabazz,* with appeal to the state appellate courts. *Al-Shabazz,* 527 S.E.2d at 752–57 (discussing the application of the Administrative Procedures Act and the review process); Rule 203(b)(6), SCACR; *see also* S.C.Code Ann. § 1-23-610(A)(1).[2]

### b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice).

---

[2] This procedure, which applies for most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the conviction itself and that generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C.Code Ann. §§ 17-27-10, et seq.; Rule 243, SCACR.

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman v. Thompson*, 501 U.S. 722, 750 (U.S. 1991), or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. at 488-89. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 494. To show actual prejudice, the petitioner must demonstrate more than plain error.

D.      Analysis[3]

Respondent contends that he is entitled to summary judgment because Petitioner has failed to exhaust his state administrative remedies. ECF No. 17-1 at 3. Respondent argues that Peitioner has "not exhausted the available procedures a state prisoner must follow to obtain review of a decision of the Department of Corrections in a non-collateral or administrative matter." *Id.* at 4. Respondent argues that Petitioner filed a Step One and Step Two grievance

---

[3] Respondent also argues in his summary judgment motion that Petitioner has failed to exhaust his administrative remedies as to his medical indifference claim. To the extent Petitioner has articulated a claim for medical indifference in his Petition, the undersigned finds that such a claim is not cognizable in a habeas action, but instead should be brought before the court by way of a civil rights or other more general civil complaint. Accordingly the parties' arguments concerning Petitioner's purported medical indifference claim will not be addressed in this Report.

8

regarding the improper calculation of his sentences, but Petitioner's Step Two grievance is currently pending. *Id.* Respondent contends that Petitioner has therefore not "fairly presented his claim to the State's highest court." *Id*. at 4-5. In response, Petitioner admits that his Step 2 grievance is still pending as of the date of his motion. ECF No. 22 at 4.

As noted above, *Al–Shabazz* established a process separate from the PCR process through which an inmate may challenge his disciplinary conviction. *See generally, Al-Shabazz*, 527 S.E.2d 742. *Al–Shabazz* requires that Petitioner initiate a grievance, obtain a final decision, seek review by the SCALC, and then seek judicial review by the South Carolina Court of Appeals and Supreme Court before seeking federal habeas review. *Id.* The record reflects that Petitioner filed a Step One grievance with SCDC on June 12, 2013, that was denied on June 18, 2013. *See* ECF No. 17-5 at 1-2. Petitioner then filed a Step Two grievance with SCDC on June 24, 2013, *see* ECF No. 17-5 at 9, that was still pending at the time Petitioner filed his habeas Petition on August 6, 2013. Because Petitioner has not shown that he presented his claims to the state's highest court before filing his Petition for federal habeas relief, the undersigned concludes that Petitioner failed to exhaust his state remedies as required. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

Additionally, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner does not offer any evidence to articulate cause for procedurally defaulting on his grounds. As Petitioner has not demonstrated cause, the undersigned will not examine prejudice here. The

undersigned finds that Petitioner's habeas Petition is procedurally barred from consideration by the court, and recommends that Respondent's Motion for Summary Judgment, ECF No. 17, be granted and the Petition dismissed.[4]

IT IS SO RECOMMENDED.

March 5, 2014                                                                                         Kaymani D. West
Florence, South Carolina                                                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Petitioner's claim.